[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles for the State of Connecticut ordering the suspension of plaintiff's motor vehicle operator's license for a period of 90 days in accordance with the provisions of Connecticut General Statutes 14-227b.
After an administrative hearing, the hearing officer for the Commissioner of Motor Vehicles rendered his Decision finding that the police officer had probable cause to arrest the operator for driving under the influence, that the operator was placed under arrest, that the operator submitted to a test and the results indicated at the time of the offense a blood alcohol content of .10 or more, and that said person was operating the motor vehicle. (Record, # 5). These are the necessary findings in a license suspension hearing for chemical alcohol test failure under Conn. Gen. Stat. 14-227b(f).
Plaintiff has standing to appeal this decision under Conn. Gen. Stat. 4-183 since suspension of his operator's license clearly affects a specific, personal and legal interest, and he is thereby aggrieved by that decision.
Plaintiff claims that there was no substantial evidence to find that his blood alcohol content exceeded the statutory limit because the certified report of the test results should not have been admitted into evidence. He argues that the report was inadmissible because the police officer was not properly recertified to operate a breathalyzer instrument under Department CT Page 10805 of Health Services Regulations 14-227a-10 and than the machine was not checked for accuracy as required by Regulation 14-227a-8(d).
The Commissioner argues that compliance with these Department of Health services regulations is not a prerequisite for admissibility of blood alcohol content test results in an administrative hearing on license suspension.
As to the recertification of the officer, Respondent's Exhibit 1 is a certified copy of the arresting officer's recertification to operate a breath analysis instrument, which was in effect at the time of the arrest. Plaintiff argues that recertification requires a minimum of seven hours of training and this officer failed to meet that requirement. At the hearing, the officer testified as to his instructor's opinion that four hours were required for recertification plus a test run. No testimony or other evidence was offered as to what this officer did to obtain his recertification. (Transcript, pp. 6-7).
Plaintiff's argument as to recertification requirements has no basis in law or in fact. Even if machine operator training deficiencies did affect admissibility of test results in administrative license suspension hearings, the "seven hours of training" referred to by plaintiff's counsel is the minimum necessary to be certified as an instructor under Department of Health Services Reg. 14-227a-10(c)(3). Recertification of an operator is governed by Reg. 14-227a-10(c)(2). There was no evidence that the officer had not met the appropriate requirements for recertification and there was evidence that he was in fact recertified.
Plaintiff next argues that the test results are inadmissible because the breath analysis machine was not checked for accuracy "at the beginning of each day of use or departmental shift and sometime before the end of each day or shirt" as set forth in Department of Health Services Reg. 14-227a-8(d). Plaintiff has presented no authority for his claim that this is a prerequisite to admissibility of the test results in an administrative license suspension hearing. Even in a criminal prosecution, the only accuracy tests required for the machine are those immediately before and after the test is performed. See Conn. Gen. Stat. 14-227a(c)(4). Here, it is not disputed that the officer checked the device for accuracy immediately before and after each test, specifically at 2:03 a.m., 2:27 a.m., 3:06 a.m. and 3:12 a.m. (Respondent's Exhibit 2) The accuracy of the machine at the time of the tests is much more relevant to the reliability of the test results than readings obtained earlier or later in the day. State v. Smith, 16 Conn. App. 156 (1988). It should be noted thatPublic Act 88-85 amended Conn. Gen. Stat. 14-227a(c)(4) to delete any requirement for admissibility of test results in any criminal CT Page 10806 prosecution that the device be checked for accuracy other than before and after the test was performed. Plaintiff seeks here to impose a requirement at the administrative level which does not even apply in the criminal proceedings, which this court will decline to do.
It is inappropriate for a trial court to "indulge in a microscopic search for technical infirmities in the Commissioner's action," Buckley v. Muzio, 200 Conn. 1, 7 (1986) quoting from Brazo v. Real Estate Commission, 177 Conn. 515, 519 (1979). The hearing officer properly admitted the blood alcohol content test results into evidence at the license suspension hearing. Accordingly, there was substantial evidence to find that plaintiff's blood alcohol level exceeded the statutory limit. The appeal is dismissed.
SEQUINO, J.